349 P.2d 724

Melvin BRADSHAW, Plaintiff and Respondent,

v.

Eugene N. DAVIE and Mrs. Eugene N. Davie, Defendants and Appellants.

No. 9094.

Supreme Court of Utah.

March 7, 1960.

150

Rich, Elton & Mangum, Salt Lake City, for appellants.

Patrick H. Fenton, Cedar City, for respondent.

HENRIOD, Justice.

Appeal from a judgment dissolving a partnership and from a money judgment in favor of Bradshaw against his defendant partner Davie. Affirmed in part and reversed in part, with instructions. No costs awarded.

Both parties sought a dissolution and damages against each other for breach of the partnership agreement.[1] The action proceeded on the theory that such remedies were not inconsistent[2] and without discussing that point we review the case on that assumption.

Bradshaw owned various pumice mining claims that interested Davie. Negotiations looking toward joint operation culminated in a hand-written partnership agreement, the pertinent portions of which are abstracted as follows:

"* * * Davie agrees to advance what monies are needed to purchase equipment to operate these claims. The equipment cost and other costs of operating said claims are to be paid from proceeds of company. * * * Bradshaw is to receive a salary of $400 a month for working these claims. * * * In addition he is to receive 25¢ per ton * * * on all shipments until an amount of $20,000 has been paid out of shipments. * * * Certain indebtedness exists against the property * * * in the amount of $5,000—and this money is to be advanced for payment of this indebtedness—under the same provisions as the purchase of new equipment * * *."

The record indicates that Bradshaw carried out his part of the agreement so far as he could, by working the property until unsuccessful operation and the parties' differences ended the venture, although Davie suggests there was an anticipatory breach by Bradshaw, with which contention we are not in agreement.[3]

The findings of the trial court and the record indicate that at the inception of the contract the parties believed the claims could result in a profitable contract to furnish material to Glen Canyon Dam. This proved to be in error. They "found that operation of the claims for sale of material to other markets was not profitable."[4] At

1. Pre-Trial Order, Par. 13: "The parties each pray for dissolution of the partnership and each party claims the right to damages against the other for breach of agreement."
2. See 40 Am.Jur. 452, Sec. 465 et seq.

3. Bradshaw interpreted the $5,000 payment to be made by Davie as an unrecoverable item under the contract. Whatever the interpretation, he did not stop work because of such contention.
4. Court's finding No. 7.

any rate, the record indicates that Davie failed to pay the balance due on the equipment, later repossessed, and the operations came to an end. He also failed to pay off the balance due on the $5,000 as he had agreed to do. In these two respects he did not carry out his end of the bargain.

It appears to us, therefore, that under the prayers of both parties, Bradshaw is entitled to a judgment against Davie for whatever damages the former suffered personally because of the breach.[5]

Because of Davie's breach, Bradshaw obviously lost the balance due on the $5,000 Davie agreed to pay, which Bradshaw personally was entitled to have paid. As to any balance due on equipment, strictly a partnership matter, Bradshaw personally lost nothing, since he had solicited the court for dissolution of the partnership, submitting to an equal division of assets and an equal imposition of liabilities. At time operations ceased the equipment was not an asset, nor was there any balance due as a

liability, the dealer apparently having cancelled the balance because of the repossession. To charge Davie with half the amount once owing thereon is inconsistent with the partnership dissolution prayed by both parties; to favor Bradshaw based on the breach by Davie also would be inconsistent with the request for and accomplishment of the dissolution.[6] We conclude, therefore, that the credit to Bradshaw for one-half the balance that at one time happened to be due on equipment, should be disallowed.

As to Bradshaw's claim for salary, under the terms of the agreement, it would appear to be a claim to be credited to Bradshaw against the partnership along with other claims.

The case is remanded with instructions to modify the judgment in consonance with the views here expressed.

CROCKETT, C. J., and WADE, McDONOUGH, and CALLISTER, JJ., concur.

---

5. Davie urged that receipts from sales of ore by Bradshaw should be credited to the former as damage to him, but the record supports a finding that expenses in connection therewith represented a stand-off.

6. To assert that because the balance was not paid, the value of partnership assets was reduced by the amount of such balance is not quite accurate. At the time of repossession the asset of the partnership was the equity in the equipment, not the unpaid purchase price.